UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER M. LAHANSE,

    Plaintiff,

v.    Case No. 6:24-cv-1786-JSS-EJK

ERIK ABRAHAMSEN,

    Defendant.
_____/

## **ORDER**

On October 29, 2024, Plaintiff, a prisoner proceeding pro se, filed an amended complaint. (Amended Complaint, Dkt. 4.) For the reasons outlined below, the Amended Complaint is dismissed without prejudice.

## **BACKGROUND**

On October 3, 2024, Plaintiff filed a form complaint for claims under 42 U.S.C. § 1983. (Dkt. 1.) On October 15, 2024, the court identified deficiencies with the initial complaint and granted Plaintiff leave to file an amended complaint. (Dkt. 3.) In the Amended Complaint, Plaintiff brings § 1983 claims against Erik Abrahamsen, an officer with the Satellite Beach Police Department. (*See* Dkt. 4.) Specifically, Plaintiff alleges that on July 14, 2024, Defendant "conducted a traffic stop on the plaintiff that resulted in the illegal search & seizure of the plaintiff without probable cause." (*Id.* at 6.) Plaintiff alleges that he was arrested, and that his arrest resulted in the loss of his "vehicle," "job," "sleep," "housing," and "Liberty," and subjected him to both the

"cost of incarceration" as well as "Anxiety [and] Stress." (*Id.* at 5.) Plaintiff is seeking compensatory and punitive damages. (*Id.* at 6.)

## APPLICABLE STANDARDS

Under 28 U.S.C. § 1915A(a), a "court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Moreover, "the court shall . . . dismiss the complaint, or any portion of the complaint, if" it is "frivolous" or "malicious," it "fails to state a claim," or it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). While pro se complaints are construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Dean v. Barber*, 951 F.2d 1210, 1213 (11th Cir. 1992), they must nevertheless comply with procedural rules, *see McNeil v. United States*, 508 U.S. 106, 113 (1993); *Bilal v. Driver*, 251 F.3d 1346, 1347 n.1 (11th Cir. 2001). To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "To state a claim under [§] 1983, [a complaint] must allege that an act or omission, committed by a person acting under color of state law, deprived [the plaintiff] of a right, privilege, or immunity secured by the Constitution or a federal statute." *A.W. v. Coweta Cnty. Sch. Dist.*, 110 F.4th 1309, 1315 (11th Cir. 2024).

## ANALYSIS

The court takes judicial notice that Plaintiff was charged with crimes related to drug possession and trafficking, and for traffic infractions, in the Eighteenth Judicial Circuit Court for Brevard County, Florida. *See State v. Lahanse*, 05-2024-CF-037705-AXXX-BC (Fla. Cir. Ct. July 15, 2024), *and State v. Lahanse*, 05-2024-TR-021172-AXXX-BC (Fla. Cir. Ct. July 16, 2024).

The court finds that Plaintiff's amended complaint fails to state a claim upon which relief may be granted. The Supreme Court in *Heck v. Humphrey* held that, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994). This rule "applies not only to convicted persons but also to plaintiffs . . . who as yet only face prosecution." *Wiley v. City of Chicago*, 361 F.3d 994, 996 (7th Cir. 2004). While "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction," as is the case here, because "such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful," the plaintiff in such a case must still "prove not only that the search was unlawful, but that it caused him actual, compensable injury." *Heck*, 512 U.S. at 488 n.7. This, the Court found,

"does *not* encompass the 'injury' of being convicted and imprisoned." *Id.* Accordingly, because the injuries Plaintiff complains of are his arrest and its necessary effects, his complaint fails to state a claim. (*See* Dkt. 4 at 6 (noting that the "illegal search & seizure" of which Plaintiff complains led to his being "arrested which resulted in [Plaintiff's] loss of job, loss of vehicle, . . . loss of liberty, cost of incarceration, loss of housing, Anxiety/Stress").)

Moreover, even if Plaintiff had identified a compensable injury, his allegations regarding the illegal search and seizure are vague and conclusory. (*See id.*) The factual allegations are sparse—indeed, Plaintiff provides only one sentence of facts: "Erik Abrahamsen conducted a traffic stop on [P]laintiff that resulted in the illegal search & seizure of [P]laintiff without probable cause." (*Id.*) Plaintiff fails to connect the claims of constitutional violations with supporting factual allegations. *See DiPietro v. Med. Staff at Fulton Cnty. Jail*, 805 F. App'x 793, 796 (11th Cir. 2020) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal" of a § 1983 claim). Plaintiff has not alleged facts from which it can be reasonably inferred that he was subjected to an illegal search and seizure. (*See* Dkt. 4.) Therefore, Plaintiff fails to state a claim for relief under § 1983.

Accordingly, Plaintiff's amended complaint (Dkt. 4) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to close this case.

**ORDERED** in Orlando, Florida, on November 13, 2024.

```
_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE
```

Copies furnished to:
Unrepresented Party